FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 8 2014

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
----------------------------------------------------------X
SHIMSHON WEXLER

        Plaintiff,

**COMPLAINT FOR VIOLATIONS OF
THE FAIR CREDIT REPORTING ACT
AND GEORGIA'S FAIR BUSINESS
PRACTICE ACT**

    v.

**JURY TRIAL DEMANDED**

AMERICAN EXPRESS CENTURION BANK;
EQUIFAX INFORMATION SERVICES, LLC and
EXPERIAN INFORMATION SOUTIONS, Inc.

1: 1 4 - CV - 1 8 5 3

        Defendant.
----------------------------------------------------------X

Plaintiff, *Pro Se*, alleges upon information and belief as follows:

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1.    Plaintiff, Shimshon Wexler, brings this lawsuit against Experian

Information Solutions, Inc. (Experian"), Equifax Information Services, LLC ("Equifax") and

American Express Centurion Bank ("AMEX") for violations of the Fair Credit Reporting Act, 15

U.S.C. § 1681 *et seq.* ("FCRA") and Georgia's Fair .

2.    Shimshon Wexler, like most Americans, is very concerned about the

accuracy of his credit report.

3.    On or about March 21, 2011, Shimshon Wexler was sued in the Civil

Court for the City of New York, County of New York for not paying his American Express

credit card in the amount of $17,807.18.

4.      The index number for that case is 13131/2011.

5.      Shimshon Wexler vigorously challenged the lawsuit.

6.      After AMEX filed a summary judgment motion and Shimshon Wexler opposed it, AMEX decided that they should settle the matter.

7.      On April 25th, 2012, AMEX and Shimshon Wexler agreed that the lawsuit would be settled pursuant to a new agreement which supplanted the old agreement.

8.      In other words, the alleged prior agreement between AMEX and Shimshon Wexler was no longer in affect.

9.      The agreement was signed by both AMEX and Shimshon Wexler in the Court. Importantly, the agreement has the official court stamp and is signed by the presiding judge.

10.     The agreement states:

"It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled/adjourned as follows: Account ending 2003, Wexler agrees to pay American Express $7,200 as follows: Starting June 10 and continuing on the 10 of every consecutive month thereafter Wexler agrees to pay $100.00 per month for 72 consecutive months. Payment will be sent to American Express P.O. Box 278 Ramsey NJ 07446. If Wexler fails to make a payment American Express will send by regular mail a notice of default and 10 day right to cure. If Wexler fails to cure said default Wexler hereby agrees to the entry of judgment for the full amount sued for less any monies already paid. When payment is complete Plaintiff will file a discontinuance with prejudice."

11.      Shimshon Wexler has made every single payment pursuant to the agreement and as of June 3rd 2014 is paid up until July 10th 2014.

12.     Despite the Court agreement, and despite Shimshon Wexler's continuous and timely payments under that agreement, AMEX reported false information to the credit bureaus about the above described account.

13.     AMEX reported falsely to Equifax, TransUnion and Experian that Shimshon Wexler had a balance on his account as of April 2014 of $15,507. This information is false because that amount did not at all take into account that the account had been settled pursuant to the Court agreement.

14.     AMEX also reported falsely to Equifax, TransUnion and Experian that Shimshon Wexler had a past due balance of $11,711 as of April 2014. This information is false because the account was not past due pursuant to the Court agreement.

15.     Shimshon Wexler disputed the AMEX tradeline with Experian, Equifax and Trans Union by disputing the information online.

16.     Shimshon Wexler also disputed the AMEX tradeline with Experian, Equifax and Trans Union by writing a total of 9 letters certified mail return receipt requested disputing the information. (Three to each of them).

17.     Upon receipt of Plaintiff's dispute, Experian, Equifax and Trans Union forwarded the dispute they received from Plaintiff to AMEX.

18.     Two of the dispute letters were sent directly to AMEX.

19.     The dispute letters explained why the AMEX account was false.

20.     Shimshon Wexler also fulfilled the requirement of Georgia's 30 days pre suit filing notice of §10-1-399(b).

21.     At first, TransUnion did not delete the erroneous AMEX tradeline and thus, Plaintiff has a cause of action against them.

22.     However, after the second or third dispute, Trans Union deleted the entire AMEX tradeline.

23.     Therefore, even though Plaintiff is able to sue Trans Union, he is not suing Trans Union because at this point in time Trans Union is not reporting information falsely on the AMEX trade line. Indeed, the trade line no longer exists on the Trans Union credit report.

24.     Experian and Equifax responded to Plaintiff's letters by confirming the false information and not addressing at all the core of Plaintiff's dispute.

25.     In violation of the FCRA, AMEX did not even respond to any of Plaintiff's disputes.

26.     Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

27.     Plaintiff suffered monetary damages because of the cost of postage to the credit reporting agencies and AMEX.

28.     Plaintiff also suffered a loss of time dealing with his erroneous credit report.

29.     In *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

30.     This Court has jurisdiction under §15 USC 1681(p) (FCRA).

31.     Venue in this District is proper because: 1) a substantial part of the events giving rise to this lawsuit occurred within this district and 2) Equifax resides in this District and the other Defendants are residents of this district because they conduct substantial business. .

## PARTIES

32.     Defendant, "American Express Centurion Bank" is a banking entity.

33.     AMEX is a "furnisher of information" as defined by the FCRA.

34.     Experian is a corporation with offices in California.

35.     Experian is a "consumer reporting agency" as defined by the FCRA.

36.     Equifax is a corporation with offices in Atlanta, Georgia.

37.     Plaintiff is a consumer as defined by the FCRA.

38.     Plaintiff resides in Dekalb County in Georgia.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST EXPERIAN AND EQUIFAX

39.     Plaintiff incorporates all of the above paragraphs as though fully stated herein.

40.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian and Equifax are required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all

**relevant information regarding the dispute that the agency has received from the consumer.**

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

41.     Experian and Equifax willfully or negligently violated 1681i.

42.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Experian and Equifax are required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

**§ 1681e. Compliance procedures**

**(b) Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

43.     Experian and Equifax violated section 1681e of the FCRA willfully and/or negligently.

44.     Experian and Equifax willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute, (b) failed to provide AMEX the public records sent to them (c) failed to send AMEX the various letters that Plaintiff sent and (d) failed to correct plaintiff's credit report.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Experian and Equifax for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST AMEX

Plaintiff incorporates all of the above paragraphs as though fully stated herein.

45.     AMEX violated the Fair Credit Reporting Act, 15

U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Experian, Trans Union and Equifax contacted AMEX in response to plaintiff disputing the credit report and in providing false information as a result.

46.    AMEX repeatedly reported and verified that plaintiff's account had a  past due balance of $11,711 and had a total balance above $15,000.00

47.    AMEX continued to report and verify the false information on plaintiff's credit report even after plaintiff provided AMEX with public records, which its own employee drafted, which demonstrated the falsity of its reporting.

48.    Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer**

reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

49.     AMEX failed to carry out its duties under 1681s-2(b).

50.     AMEX committed such violations willfully or negligently.

51.     Plaintiff is entitled to damages pursuant to15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against AMEX for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT III – VIOLATION OF GEORGIA CODE § 10-1-393. UNLAWFUL ACTS AND PRACTICES- CLAIM AGAINST ALL DEFENDANTS

52.     Plaintiff incorporates all of the above paragraphs as though fully stated herein. This claim is against all Defendants.

53.     Georgia Code § 10-1-393 states:

(a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful.

54.     Each of the Defendants violated Georgia Code 10-1-393(a) because the conduct with reference to the facts and events described above constitute an unfair or deceptive act.

WHEREFORE, plaintiff requests that the Court enter judgment in his

favor and against all Defendants for:

(1) Appropriate actual and exemplary damages;

(2) Injunctive relief;

(3) Litigation expenses and costs of suit;

(4) Such other or further relief as the Court deems proper.


Dated: Atlanta, GA
_June 12, 2014_


_____

Shimshon Wexler, *Pro Se*
1003 Briarvista Way
Atlanta, GA 30329
212-760-2400
917-512-6132 (fax)
shimshonwexler@yahoo.com


## JURY DEMAND

Plaintiff demands trial by jury.


_____
Shimshon Wexler