# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| SHIMSHON WEXLER,         ) | |
| ) | |
| Plaintiff,     ) | Civil Action |
| ) | |
| v.                                    ) | No. 1:14-cv-01853-WSD-WEJ |
| ) | |
| AMERICAN EXPRESS      ) | |
| CENTURION BANK; EQUIFAX ) | |
| INFORMATION SERVICES LLC; ) | |
| AND EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.              ) | |
| ) | |
| Defendants.     ) | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific

allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## ANSWER

1. Equifax admits that this action purports to be brought pursuant to the FCRA. Equifax denies that it is liable to Plaintiff for violation the FCRA, or any other law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies those allegations.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax denies the allegations in Paragraph 12 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax denies the allegations in Paragraph 13 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax denies the allegations in Paragraph 14 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax admits that it received an online dispute from plaintiff regarding AMEX. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Equifax admits that it received three dispute letters from plaintiff regarding AMEX. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Equifax admits the allegations in Paragraph 17 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Equifax denies the allegations in Paragraph 24 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Equifax denies the allegations in Paragraph 26 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies those allegations.

27. Equifax denies the allegations in Paragraph 27 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax denies the allegations in Paragraph 28 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax states that the holding in *Safeco* purportedly quoted in Paragraph 29 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the holding cited in Paragraph 29, the allegations are denied.

30. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits the allegations in Paragraph 30 and that jurisdiction is proper in this Court.

31. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that venue is proper in this Court. Equifax denies the remaining allegations in Paragraph 31 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies those allegations.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Equifax admits that it has offices in Atlanta, Georgia. Equifax denies the remaining allegations in Paragraph 36.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Equifax restates and incorporates in responses to paragraphs 1 – 38 as though fully set forth herein.

40. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 40 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 40, the allegations are denied.

41. Equifax denies the allegations in Paragraph 41 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, denies those allegations.

42. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 42 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 42, the allegations are denied.

43. Equifax denies the allegations in Paragraph 43 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, therefore, denies those allegations.

44. Equifax denies the allegations in Paragraph 44 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, therefore, denies those allegations.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Equifax denies the allegations in Paragraph 47 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 47 and, therefore, denies those allegations.

48. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 48 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 48, the allegations are denied.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Equifax denies the allegations in Paragraph 51 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, therefore, denies those allegations.

52. Equifax restates and incorporates in responses to paragraphs 1 – 51 as though fully set forth herein.

53. Equifax states that the provision of the Georgia Code purportedly quoted in Paragraph 53 speaks for itself, and to the extent Plaintiff misquotes,

misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 53, the allegations are denied.

54. Equifax denies the allegations in Paragraph 54 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, therefore, denies those allegations.

55. Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

56. Equifax admits Plaintiff has demanded a trial by jury, and likewise demands a jury trial in this case.

57. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. §1681n in order to recover punitive or statutory damages.

## Seventh Defense

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

## Eighth Defense

Equifax did not report inaccurate information regarding Plaintiff.

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That it have a jury trial on all issues so triable;

(3) That Equifax be dismissed as a party to this action;

(4) That Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5) That it recover such other and additional relief, as the Court deems just and appropriate.

Dated: July 18, 2014.                    Respectfully submitted,

KING & SPALDING LLP

By: /s/ Brian J. Olson
Brian J. Olson (Ga. Bar No. 553054)
Barry Goheen (Ga. Bar No. 299203)
Lewis P. Perling (Ga. Bar No. 572379)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  bgoheen@kslaw.com
Email:  lperling@kslaw.com
Email:  bjolson@kslaw.com
*Attorney for Equifax Information Services LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point New Times Roman was used for this Answer and that it has been formatted in compliance with Local Rule 5.4.

This 18th day of July, 2014.

/s/ Brian J. Olson

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2014, I served a copy of the following pleading by mailing it through the U.S. mail, and electronically filed DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will automatically send email notifications of such filing to the following party of record:

Shimshon Wexler
1003 Briarvista Way
Atlanta, GA 30329

/s/ Brian J. Olson
Georgia Bar No. 553054
Attorney for Equifax Information
Services LLC