UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
---------------------------------------X
SHIMSHON WEXLER

                    Plaintiff,                    Case 1:14-cv-01853-WSD-WEJ

    v.

AMERICAN EXPRESS CENTURION BANK;
EQUIFAX INFORMATION SERVICES, LLC and
EXPERIAN INFORMATION SOUTIONS, Inc.
                    Defendants.
---------------------------------------X


**Joint Preliminary Report and Discovery Plan**

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**


Plaintiff seeks actual damages, statutory damages, punitive damages, litigation-related expenses and related relief for Defendants' alleged failure to correct Plaintiff's credit report, specifically the American Express entry, after Plaintiff claims he disputed the account numerous times and after Plaintiff provided to the Defendants a court record or a public record which demonstrably shows that the American Express trade line was false.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>Plaintiff:</u>

In or around April 2012, Plaintiff entered into an in court agreement---signed by the presiding state court Judge with the official court stamp---- with American Express whereby it was agreed that the balance to be paid was $7,200 with payments to be made of $100 a month for 72 months. Despite this agreement which was provided to the Defendants numerous times, the Defendants falsely reported that the account had a balance of over $15,000 and the account was past due in an amount over $11,000.

<u>Experian's Summary:</u>

Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Plaintiff filed suit against Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Plaintiff alleges that Experian failed to comply with the requirements set forth in §§ 1681 *et seq.* of the FCRA. Experian denies that it failed to comply with the requirements set forth under the FCRA and denies that it is liable to Plaintiff. Experian denies that Plaintiff suffered damage as a result of any wrongful actions of Experian.

Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it

has asserted in response to Plaintiff's Complaint, and since discovery has not yet been completed, Experian respectfully reserves the right to supplement its summary as this case and the facts develop.

## Equifax's Summary:

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in his Complaint. Equifax denies that Plaintiff is entitled to punitive damages in this action.

**(c) The legal issues to be tried are as follows:**

## Plaintiff:

1- Did the credit report reflect accurately, to the highest degree, the true status of Plaintiff's American Express Account;
2- Do Defendants, whom each earns revenue of over one billion dollars per year, maintain reasonable procedures to insure that they follow the law as it relates to Plaintiff's American Express account on his credit report;
3- Did Defendants send to American Express all of the information which they were required to send pursuant to the Fair Credit Reporting Act;
4- If Defendants violated the Fair Credit Reporting Act, did they also violate Georgia's Unfair and Deceptive Practices Act;
5- What type of damages is Plaintiff entitled to including whether he is entitled to punitive damages.

**Experian:**

(1) Whether Defendant failed to exercise reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's consumer report as defined by 15 U.S.C. §1681a(d), pursuant to 15 U.S.C. § 1681e(b).

(2) Whether Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputes, pursuant to 15 U.S.C. § 1681i.

(3) Whether Defendant engaged in unfair or deceptive acts or practices in the conduct of  consumer transactions and consumer acts or practices in trade or commerce, in violation of O.C.G.A. § 10-1-393.

**Equifax:**

Plaintiff and Experian accurately state the issues in this case.


**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

*-Wexler v. DFS Services, LLC et al.,* Case No. 1:14-cv-02450-WSD-WEJ, proceeding in the U.S.D.C. Northern District of Georgia

Plaintiff does not agree that this case is a Related Case. Plaintiff wants the cases to continue to progress as a separate case with separate index number.

**(2) Previously Adjudicated Related Cases:**

- n/a

**2. This case is complex because it possesses one or more of the features listed below (please check):**
_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

## 3. Counsel:

**The following individually-named attorneys [proposed—or parties]  are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Shimshon Wexler, pro se
1411 Dalewood Dr. NE
Atlanta, GA 30329
212-760-2400
917-512-6132 fax
shimshonwexler@yahoo.com


**Defendants:**

**For Experian:**
Natalie Williams, Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
(404) 581-3939 (Telephone)
(404) 581-8330 (Facsimile)

**For Equifax:**
Brian J. Olson, King & Spalding LLP
1180 Peachtree Road, N.E.
Atlanta, Georgia 30309
(404) 215-5806
(404) 572-5100


## 4. Jurisdiction:
Is there any question regarding this Court's jurisdiction?

_____Yes  <u>X</u> No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined**: n/a

**(b) The following persons are improperly joined as parties**: n/a

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: n/a**

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to LocalRule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties do not object to serving initial disclosures and will do so by October 8, 2014.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**
**Plaintiff:**

The type of procedures Defendants maintain to insure that Plaintiff's credit report is accurate to the highest degree; Whether Defendants fear action against them by law enforcement or regulators; What are Defendants' standard practices with regard to this exact type of dispute or disputes which are substantially similar to this one?; Defendants' gross sales, income, revenue; Have the Defendants apologized for their false credit reporting; Have the Defendants corrected their practices; What measures did the Defendants take in response to this lawsuit; What are the consequences of the Defendants' violation of law similar to the violation in this case on society; How can Defendants business practices be changed so that society functions better; Have Defendants made other consumers, who were subject to the conduct Plaintiff was subjected to, whole?

**<u>Experian and Equifax:</u>**

1. Facts and circumstances surrounding each and every allegation in Plaintiff's Complaint;

2. Plaintiff's alleged damages;

3.  Whether there is any causal relationship between Plaintiff's alleged damages and any consumer reports issued by each consumer reporting agency;

4. Plaintiff's financial and consumer history;

5. Any communications between Plaintiff and Defendants;

6.   Any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and

7.  Discovery necessitated by discovery sought by Plaintiff.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the parties do not anticipate that any additional time will be needed, but respectfully reserve the right to move the Court for an extension of the discovery period should circumstances require.

**11. Discovery Limitation and Discovery of Electronically Stored Information: (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

With respect to requests for discovery, the parties agree to observe the limits set forth in the Federal Rules of Civil Procedure, and request that each party be allowed to serve twenty-five Requests for Admission and Requests for Production of Documents.

Plaintiff does not agree to limit the number of requests for production of documents or requests for admission further than the limitations provided by the Federal Rules of Civil Procedure and the Local Rules of the Court.

The parties also agree that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the admissibility of such materials. The parties agree that producing documents and other communications inadvertently will not operate as a waiver of privilege.

**(b) Is any party seeking discovery of electronically stored information?**

<u>X</u> Yes _____ No

If "yes,"
**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**


**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**


**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of trade secret and other confidential research, development, and commercial information.  The parties will submit a draft stipulated protective order for consideration by the Court.


**13. Settlement Potential:**
**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 13, 2014, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff: Lead counsel (signature):

s/ Shimshon Wexler


For defendant Experian: Lead counsel (signature):

*/s/ Natalie A. Williams*
Natalie A. Williams
Attorney for Experian Information Solutions, Inc.

For defendant Equifax: Lead counsel (signature):

/s/ Brian J. Olson

_____ Brian J. Olson
_____ Attorney for Equifax Information Services LLC


**Other participants:**
**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**
(__x____) A possibility of settlement before discovery.
(__x___) A possibility of settlement after discovery.
(__x____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel <u>X</u>  do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is November 7, 2014.

**(d) The following specific problems have created a hindrance to settlement of this case.**

Discovery has not begun. The parties have failed to agree on whether Plaintiff's credit report is accurate. Plaintiff does not know the procedures employed by the Defendants and why they didn't work in this case.

**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day_____, of 20___.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.


_____  _____
Counsel for Plaintiff Counsel for Defendant
* * * * * * * * * * * *
**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____,

20_____._____