# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SHIMSHON WEXLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 1:14-cv-01853-WSD-WEJ |
| AMERICAN EXPRESS | ) | |
| CENTURION BANK;  EQUIFAX | ) | |
| INFORMATION SERVICES, LLC; | ) | |
| and EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR CONSENT CONFIDENTIALITY ORDER

Plaintiff Shimshon Wexler and Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC file this, their Joint Motion for Consent Confidentiality Order, and show the Court as follows:

I.

In this suit, Plaintiff has alleged Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  The nature of this action necessarily involves personal and confidential information regarding Plaintiff and trade secrets and other confidential information of the Defendants.

II.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties agree that good cause has been shown to protect certain documents and information which have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendant and/or personal income, credit and other confidential information of Plaintiff.

III.

The Parties have negotiated the terms of a mutually acceptable Consent Confidentiality Order, which is being submitted to the Court as the proposed order on this motion.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court enter the Consent Confidentiality Order.

ATI-102622795v1

Dated:        October 29, 2014                 Respectfully submitted,


                                               s/ Natalie A. Williams
                                               Natalie A. Williams
                                               JONES DAY
                                               1420 Peachtree Street NE, Suite 800
                                               Atlanta, GA 30309
                                               Telephone:  (404) 581-3939

                                               *Attorney for Defendant Experian*
                                               *Information Solutions, Inc.*




Dated:        October 29, 2014                 Respectfully submitted,


                                               s/ Brian J. Olson
                                               Brian J. Olson
                                               King & Spalding, LLP
                                               1180 Peachtree Street NE
                                               Atlanta, GA 30309
                                               Telephone:

                                               *Attorney for Defendant Equifax*
                                               *Information Services, LLC.*

ATI-102622795v1

Dated:        October 29, 2014            Respectfully submitted,


s/ Shimshon Wexler

Shimshon Wexler
1411 Dalewood Dr. NE
Atlanta, GA 30329
Telephone:

*Plaintiff*

ATI-102622795v1

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned certifies, pursuant to LR 5.1C, that this document has been prepared in Times New Roman, 14 point, as approved by the Court.

/s/ Natalie A. Williams

/s/ Shimshon Wexler

/s/ Brian J. Olson

ATI-102622795v1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SHIMSHON WEXLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 1:14-cv-01853-WSD-WEJ |
| AMERICAN EXPRESS | ) | |
| CENTURION BANK;  EQUIFAX | ) | |
| INFORMATION SERVICES, LLC; | ) | |
| and EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CONSENT CONFIDENTIALITY ORDER</u>

IT IS HEREBY STIPULATED by and between Plaintiff Shimshon Wexler, Defendant Experian Information Solutions, Inc. ("Experian"), and Equifax Information Solutions, Inc.  ("Equifax") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.     This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are

designated to be subject to this Order in accordance with the terms hereof.

2.     Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.     If a Producing Party believes in good faith that, despite the provisions of this Confidentiality Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or Confidential—Attorneys Eyes Only and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5.     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff and Equifax, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6.     Except with the prior written consent of the individual or entity

designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

7.       Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have

signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

10.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work

product materials, shall be returned to the individual or entity having produced or furnished same.

12.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Confidentiality Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Confidentiality Order.

13.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

15.     Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period, the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The opposing party shall not be permitted to file a response to the motion. The copy of the motion must be delivered to chambers and accompanied by an unredacted copy

of the designated material(s).  As an aid to the Court, the unredacted copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted.

16.    A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.  If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if he information is entitled to continued protection."

ATI-102622795v1

Dated:      October 29, 2014          Respectfully submitted,


                                      s/ Natalie A. Williams
                                      _____
                                      Natalie A. Williams
                                      JONES DAY
                                      1420 Peachtree Street NE, Suite 800
                                      Atlanta, GA 30309
                                      Telephone:  (404) 581-3939

                                      *Attorney for Defendant Experian
                                      Information Solutions, Inc.*




Dated:      October 29, 2014          Respectfully submitted,


                                      s/ Brian J. Olson
                                      _____
                                      Brian J. Olson
                                      King & Spalding, LLP
                                      1180 Peachtree Street NE
                                      Atlanta, GA 30309
                                      Telephone:

                                      *Attorney for Defendant Equifax
                                      Information Services, LLC.*

ATI-102622795v1

Dated:          October 29, 2014          Respectfully submitted,


                                          s/ Shimshon Wexler
                                          Shimshon Wexler
                                          1411 Dalewood Dr. NE
                                          Atlanta, GA 30329
                                          Telephone:

                                          *Plaintiff*

IT IS SO ORDERED.

Dated:          _____, _____

                                          UNITED STATES DISTRICT JUDGE
                                          William S. Duffey, Jr.

ATI-102622795v1

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4       I have received a copy of the Confidentiality Order entered in this action on _____, 20____.

5.      I have carefully read and understand the provisions of this Confidentiality Order.

6.      I will comply with all provisions of this Confidentiality Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the Confidentiality Order, any information, documents or other materials produced subject to this Confidentiality Order.

8.      I will use such information, documents or other materials produced subject to this Confidentiality Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Confidentiality Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Confidentiality Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.      I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Confidentiality Order in this Action.

- 1 -

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2013 at _____.

_____
QUALIFIED PERSON

ATI-102622795v1