UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHIMSHON WEXLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| EXPERIAN INFORMATION ) | 14-CV-1853-WSD-WEJ |
| SOLUTIONS, INC. and EQUIFAX ) | |
| INFORMATION SERVICES, LLC ) | |
| Defendants. ) | |
| ) | |
| ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I. INTRODUCTION

The Plaintiff has brought this action against Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax") for violations of various provisions of the Federal Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA"). This memorandum specifically addresses the Defendants' violation of their requirement to conduct a " reasonable reinvestigation" found at 15 U.S.C. §1681i(a). Upon review of the undisputed

facts, it is clear that a ruling of Partial Summary Judgment in the Plaintiff's favor is due to be granted.

## II. STANDARD OF REVIEW

Under Rule 56, the Court should render judgment as a matter of law for the party moving for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. " *Fed. R. Civ. P. 56(a)*. The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*,477 U.S. 317,323-324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party can show that there is no evidence to support the non-moving [partys'] claim, the burden shifts and the non-moving party must then show the existence of a genuine issue of material fact to defeat summary judgment. *Id.* at 324.

Further, the court should also take into consideration that, under Rule 56 (g) "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case."

Under this rule, the court has been able to make determinations on specific issues presented to it in order to "narrow the issues before trial". *See United States CFTC v. Am. Derivatives Corp., 2008 U.S. Dist. LEXIS 48509 (N.D. Ga. June 23, 2008).*

## III. THE DEFENDANTS WERE PLACED ON NOTICE OF THE PLAINTIFF'S DISPUTES

Both Experian and Equifax are consumer reporting agencies as defined by the Fair Credit Reporting Act 15 USC § 1681(a)(f). The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." See *Plaintiff's Statement of Undisputed Facts Paragraphs 16 and 17.*

Plaintiff sent dispute letters to both Experian and Equifax on March 28th, 2014, April 25th, 2014 and April 29th, 2014. See *Plaintiff's Statement of Undisputed Facts Paragraphs 6, 8 and 10.* Defendants received each of those letters. See *Plaintiff's Statement of Undisputed Facts Paragraphs 7, 9 and 11.* Upon receiving those

dispute letters Defendants' numerous duties as consumer reporting agencies were triggered. For purposes of this motion, Defendants had 2 separate duties. The first obligation, found at 15 U.S.C. § 1681i(a)(1)(A) is that the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" and then record the results of that investigation within a specific time period. The second obligation, found at 15 U.S.C. § 1681i(a)(2)(A) is to provide to the furnisher or supplier of the information that is subject to the dispute all relevant information contained in the dispute by the consumer.

Based on the foregoing, the Plaintiff requests this Court enter partial summary judgment finding that the Defendants are credit reporting agencies and that the Defendants received three letter notices of disputes regarding the Plaintiff's American Express account triggering the Defendants' obligations under 15 U.S.C. §1681i(a).

## IV. THE DEFENDANTS REPORTED INACCURATE INFORMATION REGARDING THE PLAINTIFF'S ACCOUNT

"After a credit report has been prepared on a consumer, a credit reporting agency retains a duty under section 611(a) of FCRA to make reasonable efforts to investigate and correct inaccurate or incomplete information brought to its attention by the consumer. When a consumer brings a claim for violation of this duty, a court is generally called upon to determine whether the credit reporting agency could have discovered an error in a particular report through a reasonable investigation. Thus, a section 611(a) claim is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin v. General Motors Acceptance Corp.* 936 F.2d 1151 (11th Cir. 1991).

In our case, Shimshon Wexler's American Express account had been settled pursuant to a Stipulation of Settlement. See *Plaintiff's Statement of Undisputed Facts Paragraphs 2 and 3*. The Settlement agreement stated:

"It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled/adjourned as follows: Account ending 2003, Wexler agrees to pay American Express $7,200 as follows: Starting June 10 and continuing on the 10 of every consecutive month thereafter Wexler agrees to pay $100.00 per month for 72 consecutive months. Payment will be sent to American

Express P.O. Box 278 Ramsey NJ 07446. If Wexler fails to make a payment American Express will send by regular mail a notice of default and 10 day right to cure. If Wexler fails to cure said default Wexler hereby agrees to the entry of judgment for the full amount sued for less any monies already paid. When payment is complete Plaintiff will file a discontinuance with prejudice."

Thus, Wexler and American Express unequivocally agreed that the account being reported by American Express to the credit reporting agencies with a balance of over $15,000 and a past due balance of over $10,000 was settled at a $7,200 balance with payments to be made of $100 for 72 months. Despite this, Plaintiff's credit report with Equifax and Experian continued to affirmatively falsely report Wexler's account that the balance was over $15,000 and he had a past due balance of over $10,000. See *Plaintiff's Statement of Undisputed Facts Paragraphs 4 and 5.*

In addition, by Equifax and Experian omitting all information concerning the settlement agreement in their reportings, their reportings contained factual deficiencies and omissions that were readily able to be remedied as they had received the dispute letters which contained a copy of the complaint in the collection case which references the American Express account that is the subject of this lawsuit, a copy of the settlement agreement entered between American

Express and Wexler to resolve the dispute and a copy of cancelled checks for 18 months to show that Wexler was honoring the settlement agreement and American Express was honoring the settlement agreement as well.

Wherefore, the Plaintiff requests this Court enter partial summary judgment finding that the information reported by Experian and Equifax was inaccurate.

## V. DEFENDANT'S FAILED TO CONDUCT A REASONABLE INVESTIGATION AS REQUIRED BY THE FCRA

"The plain language of the [FCRA] places the burden of reinvestigation on the consumer reporting agency. The FCRA evinces Congress's intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear "grave responsibilities," 15 U.S.C. § 1681(a)(4), to ensure the accuracy of that information. The "grave responsibility" imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a "reinvestigation" that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute. In addition to these observations, we note that [Trans Union]'s reading of § 1681i(a) would require it only to replicate the efforts it must undertake in order to comply with § 1681e(b). Such a

reading would render the two sections largely duplicative of each other. We strive to avoid a result that would render statutory language superfluous, meaningless, or irrelevant."

*Cushman v. Trans Union Corp.,* 115 F.3d 220, 225 (3d Cir.1997)

Whether a reasonable investigation has been conducted is generally a question for the jury. *Neal v. Equifax Information Services LLC*, 2005 WL 5249668 (N.D. Georgia) (Judge Duffey). However, in this case no reasonable jury could conclude that the Defendants' investigation was reasonable in light of the fact that Defendants were sent an official Court document proving that the Defendants' reportings about Wexler were false. If the settlement agreement was reasonably read, there can be no doubt that the Defendants would have corrected their reportings to show that there was no past due balance and the balance of the account should have been initially $7,200 being reduced each month by the $100 payments being made.

In response to Plaintiff's disputes, Trans Union got it right and deleted the reference to Plaintiff owing more than $15,000 on this account and having a past due balance on this account of over $10,000 apparently without consulting American Express. See *Plaintiff's Statement of Undisputed Facts Paragraph 15*. This is a strong indication that had Defendants employed reasonable procedures

with regard to Plaintiff's dispute, they too would have deleted the erroneous information.

Equifax continued to report Shimshon Wexler's American Express account falsely as having a balance of over $10,000 past due and with an overall balance of over $15,000 after it had processed Plaintiff's various disputes to his American Express account. Equifax failed to indicate on its reportings that a settlement had been reached and the account was being paid pursuant to that settlement. See *Plaintiff's Statement of Undisputed Facts Paragraph 12*.

Experian continued to report Shimshon Wexler's American Express account as over $10,000 past due and with an overall balance of over $15,000 after it processed the March 28 dispute. Experian failed to indicate on its reportings that a settlement had been reached and the account was being paid pursuant to that settlement. See *Plaintiff's Statement of Undisputed Facts Paragraph 13*.

Experian did not even investigate Plaintiff's April 25 and April 29 dispute saying in a letter "[w]e have already investigated this information...... we will not be investigating your dispute again at this time" and later in the letter "[u]nless you send us relevant information to support your claim, we will not investigate this information again at this time." See *Plaintiff's Statement of Undisputed Facts Paragraph 14*.

In the case of *Dennis v. BEH-1, LLC,* 520 F.3d 1066 (9th Cir.2008) a landlord sued a tenant for failure to pay rent. The failure to pay rent lawsuit was settled pursuant to an in Court written settlement agreement requiring payments to be made on a schedule. The settlement agreement also stated that a judgment would be entered if the payments were not received pursuant to the payment schedule. Despite the settlement agreement, Experian was reporting the account falsely, namely, that a judgment had been entered. Dennis disputed this item on his credit report. The Court's decision follows:

> "When conducting a reinvestigation pursuant to 15 U.S.C. § 1681i, a credit reporting agency must exercise reasonable diligence in examining the court file to determine whether an adverse judgment has, in fact, been entered against the consumer. A reinvestigation that overlooks documents in the court file expressly stating that *no* adverse judgment was entered falls far short of this standard. On our own motion, therefore, we grant summary judgment to Dennis on his claim that Experian negligently failed to conduct a reasonable reinvestigation in violation of section 1681i. *See Bird v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1152 (9th Cir.2001) (authority to grant summary judgment to a non-moving party). Whether Experian's failure was also willful, in violation of section 1681n, is a question to be taken up on remand.

This case illustrates how important it is for Experian, a company that traffics in the reputations of ordinary people, to train its employees to understand the legal significance of the documents they rely on. *See generally* Rudy Kleysteuber, Note, *Tenant Screening Thirty Years Later: A Statutory Proposal To Protect Public Records, 116 Yale L.J. 1344, 1356–64 (2007).* Because Experian negligently failed to conduct a reasonable reinvestigation, we grant summary judgment to Dennis on this claim."

*Dennis* 520 F.3d 1066, 1071(9th Cir. 2008)

In our case, Defendants were each provided with a Court document entitled Stipulation of Settlement that contained signature of both parties with a Court stamp and the signature of the presiding judge proving that the reportings about Wexler's American Express account were false. Defendants arguably ignored and certainly overlooked this Court document. Therefore, according to *Dennis*, the Court should find as a matter of law that Defendants failed to conduct a reasonable reinvestigation of Plaintiff's dispute.

Wherefore, the Plaintiff requests this Court enter partial summary judgment finding that the Defendants failed to conduct a reasonable investigation as required by the FCRA.

## VI. CONCLUSION

Wherefore, premises considered, the Plaintiff respectfully requests this Court to grant the Plaintiff's Motion for Partial Summary Judgment.

Dated: Dec 19 2014

Respectfully Submitted,

_____

Shimshon Wexler
1411 Dalewood Dr NE
Atlanta, GA 30329
212-760-2400
917-512-6132 fax
shimshonwexler@yahoo.com