# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHIMSHON WEXLER, )
)
Plaintiff, )
)
v. ) CASE NO.
)
EXPERIAN INFORMATION ) 14-CV-1853-WSD-WEJ
SOLUTIONS, INC. and EQUIFAX )
INFORMATION SERVICES, LLC )
Defendants. )
)
)

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1-On or about March 21st, 2011, Shimshon Wexler was sued by American Express Centurion Bank in the Civil Court of the City of New York in the County of New York for not paying his credit card in an amount of $17,807.18. The index number for that case is 13131-11. See Exhibit A.

2-On or about April 25th, 2012, Shimshon Wexler settled the lawsuit in its entirety by entering into a Stipulation of Settlement with American Express. See Exhibit B.

3- The Stipulation of Settlement states "It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled/adjourned as follows: Account ending 2003, Wexler agrees to pay American Express $7,200 as follows: Starting June 10 and continuing on the 10 of every consecutive month thereafter Wexler agrees to pay $100.00 per month for 72 consecutive months. Payment will be sent to American Express P.O. Box 278 Ramsey NJ 07446. If Wexler fails to make a payment American Express will send by regular mail a notice of default and 10 day right to cure. If Wexler fails to cure said default Wexler hereby agrees to the entry of judgment for the full amount sued for less any monies already paid. When payment is complete Plaintiff will file a discontinuance with prejudice." The Agreement is then signed by Shimshon Wexler and also by the collection lawyer for American Express Centurion Bank, Joshua Knurr. The agreement has the official court stamp and it is also signed by the presiding Judge on top of her stamped name. See Exhibit B.

4- Shimshon Wexler's Experian credit report or credit disclosure was not reflecting the Stipulation of Settlement from the time of the settlement until the date this lawsuit was filed. Instead, the credit report or credit disclosure was showing a past due balance of over $10,000 and an overall balance of an amount that was being

reduced by $100 a month from an original amount of $17,807 in June 2012. See Exhibit C

5- Shimshon Wexler's Equifax credit report or credit disclosure was not reflecting the Stipulation of Settlement from the time of the settlement until the date this lawsuit was filed. Instead, the credit report or credit disclosure was showing a past due balance of over $10,000 and an overall balance of an amount that was being reduced by $100 a month from an original amount of $17,807 in June 2012. See Exhibit C.

6- Plaintiff sent a dispute letter to Equifax and Experian on March 28th, 2014. The dispute letter is attached as Exhibit D with Shimshon Wexler's date of birth and social security number redacted.

7- The March 28th, 2014 dispute letter was received by Equifax and Experian. See Exhibit E.

8- Plaintiff sent a dispute letter to Equifax and Experian on April 25th, 2014. The dispute letter is attached as Exhibit F with Shimshon Wexler's date of birth and social security number redacted.

9- The April 25th, 2014 dispute letter was received by Equifax and Experian. See Exhibit G.

10- Plaintiff sent a dispute letter to Equifax and Experian on April 29th, 2014. The dispute letter is attached as Exhibit H with Shimshon Wexler's date of birth and social security number redacted.

11- The April 29th, 2014 dispute letter was received by Equifax and Experian. See Exhibit I.

12- Equifax continued to report Shimshon Wexler's American Express account as over $10,000 past due and with an overall balance of over $15,000 after it had processed the disputes. See responses by Equifax to Plaintiff's disputes as Exhibit J.

13- Experian continued to report Shimshon Wexler's American Express account as over $10,000 past due and with an overall balance of over $15,000 after it processed the March 28 dispute. See Exhibit K.

14- Experian did not investigate Plaintiff's April 25 and April 29 dispute saying in a letter "[w]e have already investigated this information...... we will not be investigating your dispute again at this time" and later in the letter "[u]nless you send us relevant information to support your claim, we will not investigate this information again at this time." See Exhibit L.

15- In response to Plaintiff's April 25 and/or April 29 dispute letter(s) sent to Trans Union, a consumer reporting agency, (the dispute letters are attached as Exhibits F and H), Trans Union deleted the American Express account. See the letter from Trans Union as Exhibit M.

16- Experian is a consumer reporting agency. See Experian's answer to the Complaint paragraph 35 attached as Exhibit N.

17- Equifax is a consumer reporting agency. See Complaint paragraph 40 and Equifax's answer attached as Exhibit O.

Dated: 12/19/14

Respectfully Submitted,

_____
Shimshon Wexler

1411 Dalewood Dr NE
Atlanta, GA 30329
212-760-2400
917-512-6132 fax
shimshonwexler@yahoo.com