UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHIMSHON WEXLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| EXPERIAN INFORMATION ) | 14-CV-1853-WSD-WEJ |
| SOLUTIONS, INC. and EQUIFAX ) | |
| INFORMATION SERVICES, LLC ) | |
| Defendants. ) | |
| ) | |
| ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL EQUIFAX TO PRODUCE A 30(b)(6) WITNESS

The Plaintiff has noticed numerous FRCP 30(b)(6) depositions but Equifax has not shown up to noticed depositions- cancelling the noticed depositions just days before they were supposed to occur---- and then saying that the deposition would be rescheduled but in fact not rescheduling the deposition. Fact discovery in this case closes on January 15, 2015.

F.R.C.P. 30 entitled "Deposition by Oral Examination" provides:

(b) Notice of the Deposition; Other Formal Requirements.

(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. *The persons designated must testify about information known or reasonably available to the organization.* (emphasis supplied) This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Equifax has failed to attend 2 properly noticed depositions. In addition, Equifax has failed to cooperate with Plaintiff in scheduling Equifax's deposition.

"There are four basic duties Rule 30(b)(6) bestows upon a deponent. *See Alexander v. F.B.I.,* 186 F.R.D. 137, 141 (D.D.C.1998). First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry. *Id.* (citations omitted). Second, a deponent is under a duty to designate more than one deponent if it is necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable

particularity by the plaintiff. *Id.* (citations omitted). Third, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party. *Id.* (citations omitted). Fourth, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry. *Id.* (citations omitted). The underlying purpose of Rule 30(b)(6) is to prevent " 'bandying,' the practice in which people are deposed in turn but each disclaims knowledge of the facts that are clearly known to persons in the organization and thereby to the organization itself." *Id.* (citing *See* Fed.R.Civ.P. 30(b)(6) Advisory Committee Notes, 1970 Amendment)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, 5 (D.D.C.2007)

Wherefore, the Plaintiff requests this Court enter an Order requiring Equifax to produce a 30(b)(6) witness on a date certain and for such other relief as it deems appropriate.

Dated: 12-30-14

Respectfully Submitted,

/s/

Shimshon Wexler

1411 Dalewood Dr NE
Atlanta, GA 30329
212-760-2400
917-512-6132 fax
shimshonwexler@yahoo.com