# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

------------------------------------------------

SHIMSHON WEXLER,                          Case No. 1:14-cv-01853-WSD-WEJ

                 Plaintiff,          **NOTICE OF DEPOSITION**
                                        **ON ORAL EXAMINATION**

    v.

AMERICAN EXPRESS CENTURION BANK;
EQUIFAX INFORMATION SERVICES, LLC and
EXPERIAN INFORMATION SOUTIONS, Inc.


                 Defendants.

------------------------------------------------

       TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF

RECORD:

       PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, Plaintiff, Shimshon Wexler, will take the deposition on

oral examination of EQUIFAX INFORMATION SERVICES, LLC on October

21st 2014 at 1411 Dalewood Dr. NE in Atlanta, GA 30329 or at such other

location and times as agreed amongst all counsel and the deponent commencing at

10 a.m. or as otherwise agreed between counsel and the deponent.

       The deposition of deponent will be taken before a certified shorthand

reporter, notary public, or other deposition officer who is authorized to administer

an oath. If the deposition is not completed on the date specified in this notice, the taking of the deposition will be continued from day to day thereafter, except for Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE, that pursuant to Rule 30(b)(6), Capital One, NA is required to designate officers, directors, managing agents, or other persons who will be able to testify on its behalf with respect to the following matters:

1- All allegations of fact stated in the complaint in this lawsuit.

2- All affirmative defenses asserted by the deponent.

3- Whether or not the deponent's credit report of plaintiff was accurate and verifiable relating to his American Express account.

4- The policies, practices and procedures put in place by the deponent to insure that the reinvestigations initiated by the Plaintiff would result in accurate credit reportings related to the plaintiff's American Express account.

5- The definition of accurate and verifiable as those terms are used in deponents reinvestigation process.

6- The net worth of the deponent

7- The annual revenue of the deponent

8- The net income of the deponent

9- The nature and content of any records maintained by the deponent relating to the reinvestigations of the American Express trade line that is the subject of this lawsuit.

10- The number of reinvestigations of credit disputes handled by the deponent on an annual basis and economic resources attributable to those reinvestigations.

11- Any quotas or productivity targets for the deponents reinvestigators of credit disputes.

12- The scope of deponent's employees' authority to correct credit reporting errors.

13- The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the deponent.

14- To what extent were the dispute letters that the Plaintiff sent regarding his American Express account examined, investigated or evaluated.

15- The legibility and contents of the settlement agreement entered into in the American Express lawsuit in the Civil Court of the City of New York in the County of New York.

15- The authenticity of any documents identified in any of the disclosures, pleadings or discovery responses

16- Any communications between the deponent and the plaintiff relating to the reinvestigation of any credit reporting relating to the plaintiff's American Express account.

17- Any exhibits to be produced at trial.

18- The procedures in place at the deponent to insure that false or inaccurate information is not reported on any consumer's credit report.

19- Whether or not plaintiff disputed the American Express trade line that is the subject of this lawsuit

20- The time and form in which such dispute was received and the identity of and persons reviewing it or acting upon it.

21- The time place and manner in which any actions were taken in response to any such notice.

22- The steps and measures that were taken by the deponent in the course of reinvestigating Plaintiff's dispute of his American Express account.

23- The content of any information that was used in order to reinvestigate Plaintiff's American Express trade line.

24- The identity, home address, and phone number of any individual who participated in or supervised any reinvestigation of a credit reporting dispute by Plaintiff as to his American Express account

25- Whether or not the deponent's actions in relation to its reporting of the American Express account relating to Plaintiff was willful.

26- Whether or not the deponent willfully failed in its duties to properly reinvestigate the credit dispute relating to Plaintiff's American Express account.

27- Whether or not the deponent's actions in reinvestigating its credit report relating to Plaintiff's American Express account was willful.

28- The definition of the term "willfully" as used in 15 U.S.C. 1681n and the definition of the word "reinvestigation" and the words "review and consider" as used in 15 USC 1681i.

29- The motive and intent of the deponent's actions in relation to its verifying its reporting in response to plaintiff's dispute of his American express account

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 34, deponent is requested to produce the following materials at the time and place this deposition will be taken:

1- The complete file in this case including all discovery requests and responses as well as the Complaint, Answer and any other documents in this case.

So far as known to the deposing party, the deponent needs to be contacted through:

Brian Olson, Esq.

King & Spalding, LLP

1180 Peachtree Street, NE

Atlanta, GA 30309

Counsel for Equifax

PLEASE TAKE FURTHER NOTICE that plaintiff intends to cause the

deposition proceedings of the deponent to be recorded both stenographically and

by videotape.

Dated: Atlanta, GA

9-29-14

By: _____

Shimshon Wexler
1411 Dalewood Dr, NE
Atlanta, GA 30329
(212)760-2400
(917)512-6132 (fax)
shimshonwexler@yahoo.com
*Pro Se Plaintiff*

14-cv-1853 Northern District of Georgia

## CERTIFICATE OF SERVICE

I, Shimshon Wexler certify that on ___9-29-14___ I mailed via regular mail the attached Notice of 30(b)(6) deposition to:

Natalie Williams, Esq.
Jones Day
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
Counsel for Experian

And

Brian Olson, Esq.
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Counsel for Equifax

I certify that this statement is true. I understand that if the foregoing statement is willfully false, I am subject to punishment.

Shimshon Wexler

# EXHIBIT B

*Shimshon Wexler*
*1411 Dalewood Dr.*
*Atlanta, GA 30329*
*Tel (212)760-2400*
*Fax (917)512-6132*
shimshonwexler@yahoo.com

October 30th, 2014

<u>Via Email and Regular Mail</u>
Brian Olson
King & Spalding
1180 Peachtree Street , NE
Atlanta, GA 30303-3361


RE:    <u>Wexler v Equifax et al., N.D.GA. (Atlanta Division) Case No. 1:14-cv-</u>

<u>01853-WSD-WEJ</u>


Dear Attorney Olson:

In advance of the conference with Judge Johnson I am setting forth the status

of events to date as I hope we can make some serious progress in accordance with

the Court's schedule. I will be pressing for a very rapid time frame for completion

of this case.

The allegations in this complaint are of a very serious nature. It is alleged

that Plaintiff had inaccurate information on his credit disclosure and after Plaintiff

notified Equifax of Plaintiff's dispute (supported by a simple one page court

document), Equifax failed to conduct a reasonable reinvestigation of Plaintiff's

dispute. This failure is prohibited by the Fair Credit Reporting Act which provides that if this failure was due to Equifax's reckless behavior there is even punitive damages available, a rarity for civil causes of action.

From the outset your conduct exhibits a kind of nonchalant attitude about this case. This case was assigned to a very short discovery track of 4 months. 2 days after the time for your answer I emailed you "Brian-- Equifax's time to answer the complaint has expired. What does Equifax intend to do?" You emailed me back "We'll take the 30 days to answer during which time we can figure out settlement." I responded "Okay. I think we should file something formal with the Court. Would you like me to make a motion on your behalf?" According to my email records, you did not respond to that email. Rather, you answered the complaint on July 18th.

The Rule 26 initial conference was held by telephone on August 13th. I had asked for an in person conference as that is what the rules required but you said no. When I began the call trying to go through the items that we had to discuss, you said this should not take but 5 minutes just send us over a draft. I was able to convince you to stay on the call to discuss the matters that needed to be discussed. However it should not be my job to convince you to follow the Rules of the Court.

I served my first set of discovery requests shortly after the conference on August 13th and my initial disclosures on August 14th. I emailed my portion of the 26f report on August 18th.

On September 12th you emailed for an extension of time to answer discovery "Hi Shimshon I hope that all is well these days. I am just coming back from a vacation of sorts and noticed that my responses to your discovery is due next week. Is it okay for me to get a 14 day extension? I appreciate it. Have a nice weekend." I replied "That is fine. Please give me a date certain for when I will have the discovery. I'd like to set up depositions shortly thereafter. Also, I need you to sign off on the Rule 26(f) report so I can send it to the Court."

On September 29th, over two weeks since the request for the initial extension you wrote "Equifax's date certain for its responses will be 10/8/2014. By then we will our protective order in place and I won't have to respond twice, once with confidential documents and once including them. I am working on the 26f report and will send shortly."

On October 8th, you emailed me confirming a third extension, "As always, it was a pleasure talking with you this morning. Thanks for the extension for Equifax to respond to discovery. The new deadline is Thursday, October 16, 2014. Also, would you like a current copy of your Equifax credit file?"

You did not respond to discovery on October 16th rather on October 20th you emailed me confirming a fourth extension saying it would not look good for me to deny you an extension when you were sick. You wrote "As always it was a pleasure talking with you. As discussed Equifax's discovery responses are due on 10/31/2014 and Plaintiff's are due on 11/10/2014. I am working on the deposition dates. Take care." I too emailed on October 20th the following: "Thanks for calling Brian. Equifax has confirmed that it will send its initial disclosures today. Equifax has confirmed that it will respond to Plaintiff's discovery by October 31st. Equifax has confirmed that Plaintiff's responses to its discovery is due November 10[th]".

On October 23rd I wrote an email to you "Please let me know when you are available for a call with Magistrate Judge Johnson.

I need to resolve the following issues:……..

With Equifax:

1- Failure to provide the initial disclosures;

2- Cancelling the 30b6 deposition one day before it was supposed to occur;

3- Not providing alternative dates for the 30b6 deposition."

I only wrote this email after you had agreed in the initial joint report filed with the Court to provide the disclosures by October 8th and after I sent a reminder

email on October 13th and after we had a phone conversation on October 20th in which you said you would provide them that day and I even wrote a follow-up email confirming that point.

You have been uncooperative in getting a protective order filed so that certain documents can be produced.  You have also not confirmed whether you want to attend Experian's deposition which makes scheduling it very difficult.

I believe you attitude towards this case is reflective of what you told me on one of our telephone conversations 'don't you have anything better to do with your time than deal with this'.

Please call me with any questions or concerns.


Thank you,

Shimshon Wexler

# EXHIBIT C



**Shimshon Wexler <swexleresq@gmail.com>**

---

## Experian's Deposition

**Olson, Brian <BJOlson@kslaw.com>**                           Mon, Nov 3, 2014 at 7:43 PM
To: "swexleresq@gmail.com" <swexleresq@gmail.com>
Cc: Lynsey M Barron <lbarron@jonesday.com>, Natalie A Williams <nwilliams@jonesday.com>, James Spung
<jspung@jonesday.com>

Hi Shimshon,

I have identified the deponent and will confirm her availability for the 17th in the morning.

Thanks,

Brian J. Olson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404.215.5806
Facsimile: 404.572.5100
bjolson@kslaw.com

-----Original Message-----
From: Shimshon Wexler [mailto:swexleresq@gmail.com]
Sent: Monday, November 03, 2014 5:55 PM
To: Olson, Brian
Cc: Lynsey M Barron; Natalie A Williams; James Spung
Subject: Fw: Experian's Deposition

Follow-up request-is the 17th a go for the 30b6 deposition of Equifax? (See below) -----Original Message-----
From: "Shimshon Wexler" <swexleresq@gmail.com>
Date: Fri, 31 Oct 2014 21:38:26
To: Brian Olson<bjolson@kslaw.com>; James Spung<jspung@jonesday.com>; Natalie A
Williams<nwilliams@jonesday.com>; Lynsey M Barron<lbarron@jonesday.com>
Reply-To: swexleresq@gmail.com
Subject: Re: Experian's Deposition

How about the 17th?
-----Original Message-----
From: "Olson, Brian" <BJOlson@KSLAW.com>
Date: Fri, 31 Oct 2014 17:35:57
To: swexleresq@gmail.com<swexleresq@gmail.com>; James Spung<jspung@jonesday.com>; Natalie A
Williams<nwilliams@jonesday.com>; Lynsey M Barron<lbarron@jonesday.com>
Subject: RE: Experian's Deposition

Shimshon:

That is fine with Equifax.  What date the week of the 17th would you like to depose Equifax's representative?

Brian J. Olson
King & Spalding, LLP
1180 Peachtree Street, N.E.

Atlanta, Georgia 30309
Telephone: 404.215.5806
Facsimile:  404.572.5100
bjolson@kslaw.com

-----Original Message-----
From: Shimshon Wexler [mailto:swexleresq@gmail.com]
Sent: Friday, October 31, 2014 5:35 PM
To: James Spung; Natalie A Williams; Lynsey M Barron
Cc: Olson, Brian
Subject: Experian's Deposition

Hi- something has come up which makes it very difficult for me to take Experian's 30b(6) deposition on
November 11th. Can we move it to any other day that week. If you can do this for me I would appreciate it and I
agree to limit the deposition to 4 hours-  10am until 3pm EST with an hour for lunch.

Shimshon


King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or entity to
which it is addressed.  This communication may contain information that is proprietary, privileged or confidential
or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to
read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error,
please notify the sender immediately by e-mail and delete all copies of the message.

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
-----------------------------------------------

SHIMSHON WEXLER,                          Case No. 1:14-cv-01853-WSD-WEJ

                          Plaintiff,      **NOTICE OF DEPOSITION
                                          ON ORAL EXAMINATION**

            v.

AMERICAN EXPRESS CENTURION BANK;
EQUIFAX INFORMATION SERVICES, LLC and
EXPERIAN INFORMATION SOUTIONS, Inc.

                          Defendants.

-----------------------------------------------

   TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF

RECORD:

   PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, Plaintiff, Shimshon Wexler, will take the deposition on

oral examination of EQUIFAX INFORMATION SERVICES, LLC on November

17th 2014 at the home of the Plaintiff located at 1411 Dalewood Dr NE in Atlanta,

GA 30329 commencing at 9:30 a.m. Eastern time.

   The deposition of deponent will be taken before a certified shorthand

reporter, notary public, or other deposition officer who is authorized to administer

an oath. If the deposition is not completed on the date specified in this notice, the

taking of the deposition will be continued from day to day thereafter, except for Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE, that pursuant to Rule 30(b)(6), EQUIFAX is required to designate officers, directors, managing agents, or other persons who will be able to testify on its behalf with respect to the following matters:

1- All allegations of fact stated in the complaint in this lawsuit.

2- All affirmative defenses asserted by the deponent.

3- Whether or not the deponent's credit report of plaintiff was accurate and/or verifiable relating to his American Express account.

4- The policies, practices and procedures put in place by the deponent to insure that the reinvestigations initiated by the Plaintiff would result in accurate credit reportings related to the plaintiff's American Express account.

5- The definition of accurate and verifiable as those terms are used in deponents reinvestigation process.

6- The net worth of the deponent

7- The annual revenue of the deponent

8- The net income of the deponent

9- The nature and content of any records maintained by the deponent relating to the reinvestigations of the American Express trade line that is the subject of this lawsuit.

10- The number of reinvestigations of credit disputes handled by Experian on an annual basis and economic resources attributable to those reinvestigations.

11- Any quotas or productivity targets for the deponents reinvestigators of credit disputes.

12- The scope of deponent's employees' authority to correct credit reporting errors.

13- The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the deponent.

14- To what extent were the dispute letters that the Plaintiff sent regarding his American Express account examined, investigated or evaluated.

15- The legibility and contents of the settlement agreement entered into in the American Express lawsuit in the Civil Court of the City of New York in the County of New York.

15- The authenticity of any documents identified in any of the disclosures, pleadings or discovery responses

16- Any communications between the deponent and the plaintiff relating to the reinvestigation of any credit reporting relating to the plaintiff's American Express account.

17- Any exhibits to be produced at trial.

18- The procedures in place at the deponent to insure that false or inaccurate information is not reported on any consumer's credit report.

19- Whether or not plaintiff disputed the American Express trade line that is the subject of this lawsuit

20- The time and form in which such dispute was received and the identity of and persons reviewing it or acting upon it.

21- The time place and manner in which any actions were taken in response to any such notice.

22- The steps and measures that were taken by the deponent in the course of reinvestigating Plaintiff's dispute of his American Express account.

23- The content of any information that was used in order to reinvestigate Plaintiff's American Express trade line.

24- The identity, home address, and phone number of any individual who participated in or supervised any reinvestigation of a credit reporting dispute by Plaintiff as to his American Express account

25- Whether or not the deponent's actions in relation to its reporting of the American Express account relating to Plaintiff was willful.

26- Whether or not the deponent willfully failed in its duties to properly reinvestigate the credit dispute relating to Plaintiff's American Express account.

27- Whether or not the deponent's actions in reinvestigating its credit report relating to Plaintiff's American Express account was willful.

28- The definition of the term "willfully" as used in 15 U.S.C. 1681n and the definition of the word "reinvestigation" and the words "review and consider" as used in 15 USC 1681i.

29- The motive and intent of the deponent's actions in relation to its verifying its reporting in response to plaintiff's dispute of his American express account

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 34, deponent is requested to produce the following materials at the time and place this deposition will be taken:

1- The complete file in this case including all discovery requests and responses as well as the Complaint, Answer and any other documents in this case.

2- Specifically, any communication or ACDV or some similar form or correspondence which was sent to American Express

So far as known to the deposing party, the deponent's address and telephone number are as follows:

c/o Brian Olson Esq.

Counsel for Equifax

PLEASE TAKE FURTHER NOTICE that plaintiff intends to cause the deposition proceedings of the deponent to be recorded both stenographically and by videotape.

Dated: Atlanta, GA

11-10-14

By:_____

Shimshon Wexler
1411 Dalewood Dr, NE
Atlanta, GA 30329
(212)760-2400
(917)512-6132 (fax)
shimshonwexler@yahoo.com
*Pro Se Plaintiff*

14-cv-1853 Northern District of Georgia

## CERTIFICATE OF SERVICE

I, Shimshon Wexler certify that on ___11/0 - 14___ I mailed via regular mail the attached Notice of 30(b)(6) deposition to:

Natalie Williams, Esq.
Jones Day
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
Counsel for Experian

And

Brian Olson, Esq.
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Counsel for Equifax

_____

I certify that this statement is true. I understand that if the foregoing statement is willfully false, I am subject to punishment.

_____
Shimshon Wexler

# EXHIBIT E

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

### 1:14-cv-01853-WSD-WEJ
### Wexler v. American Express Centurion Bank et al
### Honorable Walter E. Johnson

Minute Sheet for proceedings held In Open Court on 11/24/2014.

TIME COURT COMMENCED: 4:00 P.M.
TIME COURT CONCLUDED: 4:18 P.M.          TAPE NUMBER: FTR
TIME IN COURT: 00:18                     DEPUTY CLERK: Kari Butler
OFFICE LOCATION: Rome

| | |
|---|---|
| ATTORNEY(S) PRESENT: | Brian Olson (by phone) representing Equifax Information Services, LLC<br>Shimshon Wexler (by phone) appearing Pro Se<br>Natalie Williams (by phone) representing Experian Information Solutions, Inc. |
| PROCEEDING CATEGORY: | Discovery Hearing; |
| MINUTE TEXT: | Telephone conference held regarding discovery dispute. The Court extends discovery through 1/15/15. Plaintiff must produce two years of tax returns. The plaintiff may not assert a "privacy objection" to deposition questions. Defendant will get an extra hour to depose plaintiff when his deposition reconvenes. The 30(b)(6) deposition should be scheduled as soon as possible, even it it does not occur until January. |
| HEARING STATUS: | Hearing Concluded |